## CIRCUIT COURT OF THE CITY OF RICHMOND

Elmuset B. Diradour

v.

Robert B. Brown, Ex'r, etc., et al.

July 14, 1981

Case No. G 3354-2

By JUDGE MARVIN F. COLE

I wish to advise that I have now reviewed the transcripts of all the evidence in the above case and I have also read the memorandum of law filed by the parties herein.

I have already held as a matter of law that the will made by Sam Beducian on December 30, 1977, was a good and valid will. The only question before the court at this time is the validity of the will made on March 20, 1978. Mr. Beducian died on April 17, 1978, and the two issues that have been raised in this matter concern his mental capacity at the time he made the will on March 20, 1978, and also the question as to whether there was any undue influence involved in the matter.

The case of Thomason v. Carlton, 221 Va. 845 (1981), is a good case involving testamentary capacity. The Supreme Court in this case stated that if at the time of the execution of the will the testator was capable of recollecting his property, the natural objects of his bounty and their claim upon him, and he knew the business about which he was engaged and how he wished to dispose of his property, that this is sufficient testamentary capacity. I have

550

reviewed carefully all of the evidence in this case and I am convinced that the evidence supports the fact that Sam Beducian was competent when he executed the will on March 20, 1978. There is evidence to support the fact that on that date he was weak, that perhaps he was not able to recollect matters as well as he had in the past, that he was jaundiced in color, and that he was suffering from terminal cancer. However, neither sickness nor impaired intellect is sufficient, standing alone, to render a will invalid. I do not believe that there is any evidence in this record to show that Sam Beducian on March 20, 1978, was incapable of executing his will. The only medical doctor that testified in the case was Dr. Burness Ansell. Dr. Ansell testified that there was no indication in the medical records of Sam Beducian, who was in the hospital on March 20, 1978, that his mind was affected by disease or by medication on March 20, 1978. Dr. Ansell testified that as the liver failure gets worse, the end result is first central nervous system depression and there may be some excitation which precedes this thing. He stated that you get certain changes in nerve function. He stated that one of the very first changes is something called a liver flat. He stated according to the hospital records this did not occur until April 3, 1978.

I am, therefore, of the opinion that the evidence does not support the finding of the jury if their verdict was based on mental capacity.

In regard to the second point in controversy of undue influence, I do not find that the evidence in this case can support any question of undue influence. A good discussion of this is contained in the case of Gill v. Gill, 219 Va. 1101 (1979), and this case states that the evidence must be sufficient to show that the person executing the will was deprived of his volition to dispose of his property as he wished and that there must be manifest irresistible coercion which controls and directs the testator's actions. I do not find that there was any undue influence in this case and as was stated in the case of Gill v. Gill, supra, all influence is not undue influence.

Therefore, I am of the opinion that the verdict of the jury must be set aside and that the will dated March 20, 1978, together with the trust agreement executed at that time should be probated.